UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tovia Jakubowitz, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>   -v.-<br><br>Lacy Katzen, LLP; AccessLex Institute d/b/a Access Group; and Provest LLC<br><br>                        Defendants. | Case. No.: 1:21-cv-5579<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tovia Jakubowitz ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Lacy Katzen, LLP ("Katzen"), AccessLex Institute d/b/a Access Group ("Access"), and Provest LLC ("Provest"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Katzen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9. Katzen has an address for service at 600 Bausch & Lomb Place, Rochester, NY, 14604.

10. Defendant Katzen is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts alleged to be due itself or another.

11. Defendant Access is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

12. Access has an address for service at Corporate Creations Network, Inc., 15 North Mill Street, Nyack, NY 10960.

13. Defendant Access is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

14. Defendant Provest is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

15. Provest has an address at 320 Carleton Ave, Central Islip, NY.

16. Defendant Provest is a company that uses the mail, telephone, and facsimile and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. A process server is excluded from the definition of a debt collector, but only for its actions while serving or attempting to serve legal process.

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

19. The Class consists of:

   a. all individuals with addresses in the State of New York;

    b.    against whom Katzen filed a collection lawsuit attempting to collect a consumer debt;

    c.    on behalf of Access;

    d.    In two sub-classes:

        1.    Where Provest provided an affidavit of service in the collection lawsuit; or

        2.    Where Provest did not provide an affidavit of service in the collection lawsuit;

    e.    Which suit was filed more than four years after the cause of action accrued; and

    f.    Which suit was filed on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

20. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

21. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

22. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' lawsuits against consumers, similar in the form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

23. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

27. Plaintiff repeats the above allegations as if set forth here.

28. Some time prior to August 12, 2021, Plaintiff allegedly incurred a private student loan obligation to non-party National City Bank, Cleveland, Ohio, now allegedly known as PNC Financial Services Group, Inc. ("PNC") to attend Fordham University ("Fordham").

29. The obligation arose out of a transaction involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically a personal student loan.

30. The alleged PNC obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

31. PNC is a "creditor" as defined by 15 U.S.C. § 1692a (4).

32. Upon information and belief, PNC assigned the PNC debt to Access.

33. Upon information and belief, Defendant Access retained Defendant Katzen to collect the alleged debt.

34. Upon information and belief, Defendant Katzen contracted with Defendant Provest to serve process upon Plaintiff in the collections lawsuit described below.

35. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – Collections Lawsuit*

36. On or about August 12, 2021, Defendants Access and Katzen filed a collections lawsuit in New York State Supreme Court, County of Kings against Plaintiff to collect the alleged PNC debt ("Collections Suit"). See the Complaint in the Collections Suit along with the affidavit of sevice, attached as Exhibit A.

37. The Complaint states that Access is organized under the laws of Delaware with a principal place of business in West Chester, Pennsylvania.

38. The Complaint states that the date of Plaintiff's last payment on the PNC debt was made on October 28, 2015.

39. The Complaint was filed more than four years after Plaintiff's alleged last payment was made.

40. New York's borrowing statute requires, in substance, that a cause of action be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.

41. As of the date of the Complaint, the statute of limitations on the alleged debt had already expired.

42. Yet the Complaint fails to disclose that the statute of limitations has lapsed.

43. Defendants were required to disclose that the statute of limitation on the debt has expired.

44. This is required, inter alia, in New York City pursuant to 6 RCNY 2-191.

45. This is a material omission that threatened Plaintiff's rights and attempted to coerce payment from Plaintiff.

46. The Complaint fails to clearly and adequately inform Plaintiff as to the true legal status of the debt.

47. This concealed the potential detrimental ramifications of Plaintiff making a payment and restarting the statute of limitations.

48. Because the statute of limitations has expired, no lawsuit may be filed by anyone to collect the debt.

49. Plaintiff was therefore confused as to how to properly handle this debt and exercise his rights.

50. Plaintiff was therefore unable decide about handling the lawsuit resulting in wasted time.

51. Plaintiff also needed to hire an attorney to assist in handling his defense.

52. In addition, Plaintiff was never served with process in the Collections Suit.

53. Plaintiff only became aware that there was a lawsuit filed when he received letters from attorneys advertising their services to represent him in defending against the Collections Suit.

54. However, Defendant filed an affidavit of service in the Collections Suit ("AOS").

55. The AOS is sworn to by Husam Naser for Provest on behalf of Defendants.

56. In it, he claims he served Plaintiff on August 21, 2021 at 10:12 a.m. at Plaintiff's home.

57. The AOS claims that service was given to "Jane Doe (refused name), family member, a person of suitable age and discretion".

58. The AOS claims that "Jane Doe" confirmed it was Plaintiff's home and that she resided there as well.

59. However, Plaintiff and his entire family were not at home on August 21, 2021.

60. They were away on vacation.

61. No one was home that day.

62. The AOS is false.

63. In addition, August 21, 2021 was a Saturday.

64. Plaintiff is a Saturday Sabbath observer.

65. Defendants were aware of this.

66. New York law prohibits service on Saturday upon a Saturday Sabbath observer.

67. Such service is a nullity and no personal jurisdiction is obtained.

68. Defendants maliciously procured this false service.

69. Finally, the AOS also claims that Summons and Complaint were mailed to on August 25, 2021.

70. Plaintiff never received this mailing either.

71. This is because, like the false service to Plaintiff's family member, the AOS is again false about the mailing.

72. Defendants' actions were harassing, abusive, oppressive, false, deceptive, misleading, and unfair in its attempt to coerce Plaintiff to pay the alleged debt.

73. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

74. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

75. Because of Defendants' actions, Plaintiff expended time, money, and effort in determining the proper course of action.

76. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

77. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

78. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

79. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

80. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

81. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

82. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

83. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud and harassment.

84. Plaintiff has a right not be subject to collections actions that are deceptive and harassing.

85. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

86. Plaintiff repeats the above allegations as if set forth here.

87. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

88. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

89. As described above, Defendants violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2), 1692e (4), 1692e (5), and 1692e (10).

90. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

91.     Plaintiff repeats the above allegations as if set forth here.

92.     Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

93.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

94.     Defendants violated this section by unfairly collecting the alleged debt as described above.

95.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

96.     Plaintiff repeats the above allegations as if set forth here.

97.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

98.     Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

99.     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

100. Defendants violated said section as described above.

101. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

## DEMAND FOR TRIAL BY JURY

102. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  October 7, 2021                                     Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601

Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*